■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA POMERANTZ, Appellant.—Appeal by defendant from an order of the Supreme Court, Richmond County, dated August 30, 1979, which, upon adjudging him to be guilty of criminal contempt of court, (1) committed him to the Department of Correction for a 30-day term and (2) imposed a $250 fine or, in lieu of payment thereof, committed him to the department for an additional 30-day term. Order modified, as a matter of discretion in the interest of justice, by adding thereto a provision that the term of imprisonment shall run concurrently with defendant's indeterminate term of imprisonment imposed for his prior perjury conviction. As so modified, order affirmed, without costs or disbursements. The record reveals that Criminal Term intended that any term of imprisonment for criminal contempt run concurrently with, rather than consecutively to, the prior sentence. That discretionary determination required a specification in the order to that effect; otherwise, the order's silence on this point would result in a consecutive sentence (see Penal Law, § 10.00, subds 1, 4; § 55.10, subd 2, par [c]; § 70.15, subd 3; § 70.25, subd 1, par [b]). We have examined defendant's other arguments and find them to be without merit. Hopkins, J. P., Lazer, Gibbons and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMPSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 6, 1978, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. It was improper for the Trial Justice to overrule defense counsel's objection to the District Attorney's cross-examination of defendant's character witness as to specific acts of misconduct on the night of the burglary (see Richardson, Evidence [10th ed], § 153, p 124). However, in light of the witness' responses to the questions and the overwhelming evidence of guilt, the error was harmless (see People v Crimmins, 36 NY2d 230). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.